CHAMBERLAIN v. CLAYTON ET AL.

1 **Public Officers:** LIABILITY FOR OFFICIAL ACTS. The trustees of a public institution, who are charged by the statute with its general supervision, and required to perform all acts necessary to render it efficient, are not personally liable in damages for the cancellation of a contract of employment made by them, and a refusal to allow the employe to enter upon his duties thereunder, though such action upon their part is wrongful, unjust, and illegal.

*Appeal from Pottawattamie District Court.*

TUESDAY, JUNE 14.

THE petition in this case contains three counts. In the first count is averred in substance that on the 12th day of August, 1880, the State of Iowa made a verbal contract with the plaintiff, by which the plaintiff was employed as superintendent of the Iowa Institution for the Deaf and Dumb, for one year from September 1, 1880, at a salary of $1,000, and board and lodging during that time for himself and family. "That the defendants, knowing the premises, and contriving and maliciously intending to injure and aggrieve the plaintiff, and to injure him in his profession of a superintendent of schools, and to prevent him from acquiring any success, reputation, gain, or profit therein, and to oppress and vex him, before the first of September, 1880, wrongfully, wickedly, and maliciously did conspire, combine, confederate and agree together to prevent the plaintiff from entering upon the performance of, and from discharging the duties of, his office of superintendent under the said contract with the State of Iowa, and from entering into possession of his said office, and its emoluments." That plaintiff, on said first of September, 1880, went to said institution and offered to enter upon the performance of his said contract, but the defendants, in pursuance of said malicious conspiracy, did, by words, acts, orders, and threats, prevent the plaintiff from entering upon the discharge

of his duties under said contract, and have ever since so prevented him from performing his duties as superintendent of said institution.

The second count is, in substance, the same as the first, excepting that the acts of the defendants are charged to be unjust, illegal, and wrongful. The allegation of a willful and malicious conspiracy is omitted.

In the third count it is alleged that the defendants were, and are, trustees of said institution, and that it was their duty, arising from their said office and from said contract, to allow the plaintiff to enter upon the performance of his said engagement; but that they, in violation of their duty, wrongfully, unjustly and illegally hindered, obstructed and prevented, and still do hinder, obstruct and prevent, the plaintiff from performing his said duties under said contract. A personal judgment is asked against the defendants for $5,000 damages.

There was a demurrer to the petition, which was overruled as to the first and second counts, and sustained as to the third count. From the ruling in sustaining the demurrer as to the third count, the plaintiff appeals.

*N. M. Pusey*, for appellant.

*Wright & Baldwin*, for appellee.

ROTHROCK, J.—It will be observed that it does not appear from the allegations of the first and second counts that the defendants are trustees of the Institution for the Deaf and Dumb. For aught that appears therefrom, the defendants were mere strangers, and under the first count were guilty of a wicked and malicious conspiracy by which they prevented the plaintiff from performing his contract; and in the second count it is alleged they wrongfully, unjustly, and illegally hindered the plaintiff from entering upon the duties of his employment under his contract. The District Court held that these counts each

1. PUBLIC offi- cer: liability for official act.

presented a good cause of action.   In the third count, however, it is averred that the defendants were trustees of the institution, and that they, as trustees, neglected and refused to perform their duty, by wrongfully, unjustly, and illegally preventing the plaintiff from performing his contract.   Section 1686 of the Code provides that the Trustees of the Institution for the Deaf and Dumb "shall have the general supervision of the Institution, adopt rules for the government thereof, provide teachers, servants, and necessaries for the Institution, and perform all other acts necessary to render it efficient, and to carry out the purposes of its establishment."

We have, then, the question whether the trustees are liable to a personal action for damages at the suit of a teacher or superintendent whom they have employed, for wrongfully, unjustly, and illegally refusing to allow him to enter upon the employment ?   The demurrer to the petition raises this question, which we are called upon by the record before us to determine.   It is not averred in the third count of the petition that the defendants acted corruptly nor maliciously.   For aught that is averred therein they may have been performing what they honestly believed to have been an official duty, and still their act may have been wrongful, unjust and illegal as to the plaintiff.

Much of the argument of counsel is devoted to a discussion of the question as to whether or not the act of defendants in preventing the plaintiff from entering upon the employment was of a judicial or ministerial character.   Counsel for appellant contends that if it be conceded that the making of the contract of employment was of a *quasi* judicial character, it cannot be claimed that the subsequent act of dismissal, or rather refusal to allow the plaintiff to enter upon the employment, was any other than purely ministerial.   That the duty of employing teachers requires such judgment and discretion as to call into exercise functions to say the least *quasi* judicial, as defined in the reported cases on that question, we think can admit of no doubt.   If so, all the authorities agree that

Chamberlain v. Clayton.

there can be no personal liability of the officer unless the act complained of be willful, corrupt or malicious, or without the jurisdiction of the officer. *Wasson v. Mitchell*, 18 Iowa, 153; *Muscatine West. R. R. Co. v. Horton*, 38 Id., 33.

Whether there be such liability as against an officer exercising *quasi* judicial functions, even where he acts corruptly or maliciously, we need not determine in this case. We have recently held that a purely judicial officer is not liable to a civil action for a judicial act, even though it be alleged that the act complained of was corrupt, fraudulent, or malicious. *Jones v. Brown*, 54 Iowa., 74; and see *Henke v. McCord*, 55 Iowa, 378.

We are next to inquire whether the act of discharging the plaintiff, or, what we regard as the same thing, canceling the contract with him before he commenced the superintendency, was a ministerial act. The statute above quoted gives the general supervision of the institution to the trustees, and they are charged with the duty of performing all acts necessary to render the institution efficient. They owe a duty to the State and the public, as well as to the employes under their charge. If in the honest exercise of their discretion and judgment they should discharge an employe, they cannot be held liable to a civil action, because the act is not of a purely ministerial character, like the issuance of an execution by a justice of the peace, or the levy of a writ by a sheriff, or the like. If they may discharge an employe after entering upon the employment, they may also cancel a contract with one not yet having commenced to labor for the institution, upon grounds which may appear to them to be satisfactory. The same judgment and discretion, and power to determine, are required to be exercised in one case as in the other.

Without further extending the discussion, our conclusion is that the District Court did not err in sustaining the demurrer to the third count in the petition.

AFFIRMED.