Mr. Chief Justice Shamey
delivered the opinion of the court.
This action was instituted on a promissory note made by May-son as principal, and the plaintiffs in error as sureties. Mayson died before the institution of the suit, and the defence is that the note was not presented to his administrators within eighteen months after they gave notice to creditors to present their claims, and that as the estate of Mayson was thereby discharged, the sureties are also discharged.
This same question was raised, and very deliberately considered in the case of Johnson v. The Planters Bank, 4 S. & M. 165, and it was decided that the sureties were not discharged by such failure to present the claim to the administrator of the principal. We have been pressed to review that decision. It is said that by virtue of the statute the claim is barred and the estate discharged in case it is not presented, and that inasmuch as the obligation of the principal is totally extinguished, the accessory obligation of the surety must be also extinguished, as it has no subsisting obligation to rest upon. This doctrine of the civil law is true as a general rule, but it is subject to exceptions; there are cases in which the surety is bound more rigidly than the principal, and cases again in which the surety is bound when the principal is not; as in case of infants when the contract is absolutely void. But is it not going too far to say that this statute differs from an ordinary statute of limitations, and extinguishes the obligation, and not the remedy merely. We have held directly the reverse. Miller v. Trustees of Jefferson Col *442 lege, 5 S. & M. 651. By regarding this as a mere statute of limitations, the force of the argument is defeated. But it is also insisted that the plaintiffs in error have sustained a positive injury, by the neglect to make the presentment, in the loss of their recourse against the estate. They had a remedy, and if they have lost it, the fault is theirs. Besides, it is premature to complain of loss, before that point is decided against them. It may be that they still have a remedy. Altogether we see no reason why we should recede from the decision in the case of Johnson v. The Planters Bank, and accordingly affirm it.
Judgment affirmed.