WASSON v. MITCHELL *et al.*

1. **Officers:** JUDICIAL ACTS. A judicial officer is not liable civilly for judicial acts, unless he acts willfully, maliciously or corruptly; and this exemption extends to all officers and boards of officers charged with the decision of matters of a *quasi* judicial nature.

2. —— MINISTERIAL ACTS. For the misfeasance or nonfeasance of a ministerial officer, the party injured may have redress by civil action.

3. —— APPROVING OF BONDS. The approving of an official bond may be either a judicial or a ministerial act, depending upon the general nature of the duties of the approving officer.

4. —— BOARD OF SUPERVISORS: BOND. Boards of supervisors are exempted from personal liability for honest mistakes or errors of judgment, whether of law or fact, in the approval of official bonds, but are liable for carelessness and official misconduct.

*Appeal from Polk District Court.*

FRIDAY, DECEMBER 23.

DEMURRER TO PETITION. The defendants constituted the board of supervisors of Polk county in 1861. The petition alleges that, as such board, the defendants, at their regular meeting in January, 1861, "*carelessly and negligently* required, *accepted* and *approved* the official bond of one H. H. Helton as constable for the township of Des Moines, in Polk county, given for the year 1861, said bond not being such as was reasonable and necessary for the faithful discharge by the said Helton of his official duties, nor such as was required by law, for that the said bond did not have any sureties thereon, the names of 'A. N. Marsh' and 'C. C. Van' *having been forged* thereto, they never having signed the said bond or authorized their names to be placed thereon." "That the said A. N. Marsh was *notoriously insolvent* at the time, and *known* to be so by the defendants." The petitioner then alleges his injury in this: that Helton collected money for him on execution, converted the same to his own use and died insolvent; that Marsh has

absconded, and that in an action by the plaintiff against said C. C. Van on said bond, the latter was adjudged not liable thereon because his name had been forged thereto. The defendants demurred to the petition because they were not personally liable for acts done in their official capacity ; that no cause of action was stated against them, &c.

Demurrer sustained, and the plaintiff appeals.

*J. F. Seeley* for the appellant.

*John Mitchell* for the appellees.

DILLON, J.—The allegations of the petition are not as precise and clear as they ought to be, when questioned by demurrer. Upon a fair construction, the petition may be taken to allege, in substance, that the names of *both* sureties on the official bond of Helton, as constable, were forged, and that the defendants approved of it, *carelessly and negligently*, that is, the defendants would have known of the forgery, had it not been for their neglect or want of care. And it is also alleged, that one of the persons whose names appeared on the bond as surety was *notoriously insolvent*, and *known* to be so by *the defendants*, when they approved the bond. Upon the assumption that this is the true construction of the petition, we place our decision.

The statute is imperative in requiring that the official bond of a constable " *shall* be given with at least *two* sureties," and in requiring that these sureties shall be freeholders. Rev., §§ 558, 592. " The surety in every bond," it is further provided, " must be a resident of the State, worth double the sum to be secured beyond the amount of his debts, and have property liable to execution in this State equal to the sum to be secured. Where there are two or more sureties in the same bond, they must, in the aggregate, have the qualifications prescribed in this section." Rev., § 4126. Constables must give bonds in a penal sum, to be

fixed by the board of supervisors, by an order of record. Rev., § 557. This board has power to require constables " to give such bonds and additional bonds as shall be reasonable or necessary for the faithful performance of their several duties;" and may remove any county officer who neglects or refuses to give such bond. Rev., § 312, cl. 10. And the board are charged by law with the duty of approving the bonds of constables. Rev., § 560. These various provisions evince the care and solicitude of the legislature to protect the public by requiring ample and sufficient bonds from public officers. How useless these provisions, and how unavailing these intended safeguards, if the approving board or officer could, under no circumstances and in no possible event, be held liable for omission or neglect of duty.

As to the general rules of the law, there is no great dispute. Thus, a judicial officer is not liable civilly for 1. OFFICERS: *judicial* acts, unless it may be (a point on which judicial acts. the authorities are not in accord) where he acts willfully, maliciously, or corruptly. *Howe* v. *Mason*, 14 Iowa, 510; *Weaver* v. *Devendorf*, 3 Denio, 117, and cases collected on page 120, by BEARDSLEY, J.; *Hill* v. *Selick*, 21 Barb., 207; 2 Hilliard on Torts, ch. 28, *passim; Chickering* v. *Robinson*, 3 Cush., 543; and see, particularly, the able judgments of Mr. Chief Justice KENT, in *Yates* v. *Lansing*, 5 Johns., 282; 9 Id., 395; and Chief Justice SHAW, in *Pratt* v. *Gardner*, 2 Cush., 63, 68; *Tyler* v. *Alford*, 38 Maine, 530; *Harmon* v. *Brotherson*, 1 Denio, 537; *Tomkins* v. *Sands*, 8 Wend., 462, 467. And these authorities show that this exemption from civil responsibility extends to all public officers who are charged with deciding upon matters of a *quasi* judicial nature; and we have no doubt that it extends, in general, to a body, such as the board of supervisors, under our statute. The ground of this exemption is, that the public good can best be secured by allowing officers charged with the duty of deciding upon the rights

of others, " to act upon their own free, unbiased convictions, uninfluenced by any apprehensions."

On the other hand, the rule is equally well settled, that, for the misfeasance or nonfeasance of a *ministerial* officer,

*2. —— ministerial acts.* the party injured may have redress by civil action. This broad distinction between *judicial* and *ministerial* acts, however plain in theory, is, in many cases, very *3. —— approving of bonds.* difficult of application. Thus, is the act of approving of a bond judicial or ministerial? The only way to reconcile the cases is to hold that it may be either; depending, perhaps, upon the general nature of the duties of the approving officer. For example, it is " a well-settled rule of American law and practice, that an action lies against a sheriff for taking *insufficient* bail." 2 Hilld. on Torts, 276, § 4, and cases cited. But it is held that a justice of the peace is not liable, who acts in good faith, for misdeciding that a married woman is competent to contract and sign a bond as surety (*Howe* v. *Mason*, 14 Iowa, 510), or for error of judgment; there being no intentional fault in taking a recognizance to prosecute an appeal in a form not authorized by law, and, therefore, invalid — the proper form having been rendered, by the course of legislation, a difficult and perplexing question. *Chickering* v. *Robinson*, 3 Cush., 543.

We would not hold the board of supervisors to be absolute guarantors of the genuineness of the signatures to

*4. —— board of supervisors: bond.* official bonds. They may, in the course of business, refer such matters to a committee, to examine and report. It is only necessary that they or their committee shall act in good faith, and with reasonable care and prudence. If, in the fair exercise of their judgment, they are of opinion that the sureties on a bond are solvent, they are not civilly liable if they should be mistaken; but would be thus liable if they approved a bond whose sureties were *known* to them to be worthless. So they

would have no right to approve a bond without *any* sureties whatever. Such an act, knowingly or carelessly done, could not be regarded as a judicial act, in such a sense as to exempt them from civil liabilities to any person thereby injured. *Smith* v. *Trawl*, 1 Root (Conn.), 165; with which *Phelps* v. *Sill*, 1 Day, is not inconsistent. Without extending our remarks, we may observe that this court has given the subject much consideration; and we believe this to be the true rule, viz., exempting the board of supervisors, in the approval of bonds, from honest mistakes and errors of judgment, whether of law or fact, but holding them at the same time personally liable for negligence, carelessness and official misconduct such as are alleged in the petition. This rule is the only one which will protect the public, and at the same time occasion no injury or embarrassment of which a conscientious and faithful public officer will or can justly complain. If the plaintiff can establish the allegations of his petition, we are of the opinion that he ought to recover; wherefore the judgment of the District Court sustaining the demurrer thereto is

Reversed.