Green v. Talbot.

*Bousquet & Ryan* for the appellants.

*Stone, Ayers & Curtis* and *Curtis & Gesman* for the appellee.

---

## GREEN v. TALBOT.

1. **Officer:** LIABILITY FOR JUDICIAL ACTS. An officer is not liable for judicial acts, though erroneous, where it is not shown that he acted maliciously or corruptly.

2. —— RULE APPLIED. The mayor of a town fined a defendant for violation of an ordinance, and directed that in default of payment thereof, he be imprisoned for two days. He only had power to assess the fine,

and none to make the order of imprisonment. *Held*, that if he honestly believed that by virtue of a certain ordinance he had power to imprison and acted in good faith under such belief, then he was not liable. COLE, J., dissenting, on the ground that it was a case of excess of jurisdiction.

*Appeal from Story Circuit Court.*

SATURDAY, JUNE 7.

ACTION for false imprisonment, jury trial, general verdict for defendant, and a special finding that the defendant did not act with malice toward plaintiff. Judgment for the defendant; plaintiff appeals. The necessary facts are stated in the opinion.

*J. C. Frazier* for the appellant.

*Thompson & McCall* for the appellee.

DAY J. — On the 31st of May, 1872, the defendant, who was mayor of the town of Nevada, fined the plaintiff $5, for a violation of section 4, of ordinance 32, and imprisoned him forty-eight hours in the jail of the county for non-payment of the fine. For this imprisonment the plaintiff sues.

Section 4 of said ordinance is as follows: " It is hereby made the duty of the marshal to notify all owners or keepers of dogs and sluts not registered, and if said owner or keeper refuse or neglect to register said dog or slut within ten days after the service of said notice, he shall be liable to a fine of not exceeding $10 and costs of suit."

The mayor erroneously supposed that authority to imprison was conferred by section 39 of ordinance No. 6 of said town, which is as follows: " Whoever shall violate any ordinance of this town when no punishment therefor is provided in such ordinance, shall be adjudged to pay a fine of not more than $20, and to stand committed until paid, or the defendant is discharged by due course of law."

The court instructed the jury in substance that if defendant

Green v. Talbot.

believed that said section 39 authorized him to imprison plaintiff, and he acted in good faith, under such belief, without malice, he is not liable. Plaintiff assigns the giving of this and similar instructions as error.

This case is not distinguishable in principle from *Londegan* v. *Hammer*, 30 Iowa, 508, in which the liability of judicial officers for erroneous decisions is discussed, and the leading authorities are reviewed. In that case the plaintiff was placed upon trial before a justice of the peace on a charge of willful trespass. On the trial it appeared that the property injured was of less value than $50. It was therefore the duty of the justice to try the cause and render final judgment.

The justice, however, made an order that he enter into a recognizance to answer at the next term of the district court, and, in default of such recognizance, sent him to jail. In an action against the justice it was held that he was not liable unless he acted maliciously or corruptly. · In that case, as in this, the subject-matter of the controversy and the persons of the accused were within the jurisdiction of the court. In that case, as in this, the court had power to render a particular judgment. And in that case, as in this, the court mistook the law, and rendered a judgment which it had no right to do.

All the reasons for exonerating the justice in that case apply with equal force to the mayor in this. We deem it unnecessary now to repeat or add to the arguments there advanced, but, following that decision, we hold that the instruction given is correct, and that the judgment should be

Affirmed.

COLE, J., dissenting. — I do not concur in the conclusion reached by the foregoing opinion. It appears to me to be erroneous, in that it fails to properly comprehend and apply the distinction between judgment and jurisdiction. I did concur in the result of the opinion in *Londegan* v. *Hammer*, 30 Iowa, 508, whereon the foregoing opinion in this case claims to be grounded. The head-note in that case correctly states the point ruled, as follows: " A judicial officer is not

civilly liable for judicial acts, though his decision in respect thereto be erroneous, where it is not shown that he acted maliciously or corruptly ; and this rule applies to inferior as well as superior tribunals." In that case the defendant was a justice of the peace and had issued a warrant, upon a proper information filed, for the arrest of plaintiff for the offense of willful trespass in cutting and carrying away timber ; and upon the trial or examination before the justice, the plaintiff was required to give bonds for his appearance at the next term of the district court, and in default thereof, he was committed to jail.   He was afterward discharged upon *habeas corpus,* and then brought his action against the justice of the peace for false imprisonment.   It is said in the opinion :   "The justice had jurisdiction to try and determine the cause if the value of the property did not exceed $50.   § 1, chap. 28, Laws of 1866. He had jurisdiction to examine and commit for trial before the district court where the value of the property was greater than that amount.   Rev., ch. 195, and § 4824.   So that, whatever the value of the property, he had jurisdiction over the subject-matter (and of the person of the defendant), his judgment in the premises being subject to be controlled by the value of the property.   That he gave an erroneous judgment there can be no question, but it was only an error of judgment for which he is not to be called upon to defend in a civil action against him.   Had the evidence before the justice shown the value of the property to be greater than $50 his judgment would have been in this respect correct.   His judgment, however, was not sustained by sufficient proof.   It was, therefore, erroneous, in matter of fact."

My concurrence in the result of that opinion which held that the justice was not liable was grounded upon the idea that he had erred in his judgment respecting the value of the property or timber cut and carried away.   That error did not defeat his jurisdiction nor render him liable to an action.   And, assuming his judgment to be correct, his jurisdiction to imprison, as he did, was not and could not be questioned.   But, if he had not, in any event, had jurisdiction to bind over and im-

prison in default of bail, but only to try and determine, then my judgment would have been different. He simply erred in his judgment upon the fact, and did not mistake his jurisdiction under the law.

It is just here that this case differs from that. This defendant had no jurisdiction, under any state of facts involved in the case before him, to imprison this plaintiff. The imprisonment, then, was not the result of an error of judgment, but was an exercise of power in excess of jurisdiction. The defendant in this case, having no jurisdiction or authority, by reason of being mayor, etc., to imprison this plaintiff for the offense charged, he cannot protect himself from liability for such wrong, by virtue of his office. If the defendant here is exempt from liability for imprisoning the plaintiff for two days without jurisdiction or authority, simply by reason of good faith and absence of malice ; upon the same principle he would also be exempt if he had sent him to the penitentiary for two years or more.

To my mind, the case, it being conceded as stated in the majority opinion that "the mayor *erroneously* supposed that authority to imprison was conferred upon him," falls within the rule announced by this court in *Newcomb* v. *Dewey*, 27 Iowa, 381 (*i. e.* 388), to wit : "The entire question is, did the court *in fact* have jurisdiction ? not, did the court *decide* that it had jurisdiction ? If it did not, in fact, have jurisdiction, then its decision is a nullity ; and it matters not what facts it finds, or what question it decides ; unless there was jurisdiction in fact, they are all alike nullities." This was said respecting a court of general jurisdiction ; and it applies *a fortiori* to a court of limited, or rather of special, jurisdiction, as was that of the mayor's court in this case.

Having stated the grounds of my dissent it is only necessary to refer to a few of the cases which seem to me to fully support my conclusion. *Crepps* v. *Durden et al.*, Cowp. 640 ; S. C., 1 Smith's Lead. Cas. 378 (800 of 5th Am. ed.) ; *Biglow* v. *Stearns*, 19 Johns. 39 ; *Adkins* v. *Brewer et al.*, 3 Cowp. 206 ; *Reynolds* v. *Orris*, 7 id. 269.