## LANPHER v. DEWELL ET AL. ·

1. **Justice of the Peace:** JURISDICTION: IMPRISONMENT. A justice of the peace has no authority to commit a person to prison for nonpayment of a fine for contempt, where the judgment imposing the fine does not provide for imprisonment, and he is liable for damages in an action of tort to a person so illegally committed.

*Appeal from Harrison Circuit Court.*

TUESDAY, JUNE 7.

ACTION at law upon a bond given by a justice of the peace. There was a verdict and judgment for plaintiff. Defendants appeal. The facts of the case appear in the opinion.

*Smith & Clide*, for appellants.

*W. S. Shoemaker*, for appellee.

BECK, J.—I. The petition alleges that defendant Dewell was a justice of the peace, and, with the other defendants herein as his sureties, executed an official bond as required by statute, upon which this action is brought. For a cause of action upon the bond it is averred in the petition that defendant Dewell, under color of his office as justice of the peace, oppressively and

without authority of law issued a commitment whereon plaintiff was imprisoned in the county jail for two days. Plaintiff asks judgment upon the bond for the damage sustained by him by reason of his unlawful imprisonment upon the commitment issued by defendant.

The defendant Dewell alleges that before him, acting as a justice of the peace, plaintiff was adjudged to be in contempt by reason of his failure to perform a duty imposed upon him as a ministerial officer of defendant's court, and upon such adjudication a commitment was issued whereon plaintiff was detained in the county jail. Other allegations of the pleadings need not be set out. The sureties on the bond failed to answer, and thereupon a default was entered against them. Under a written stipulation of the parties the cause was submitted to the jury for the assessment of damages, "subject to the decision of the court as to whether a recovery can be had at all."

II. It appears from the evidence that defendant Dewell, as a justice of the peace, issued two executions upon judgments rendered by his predecessor in office. Subsequently defendant set aside these judgments on the ground that they were void for the reason that no notice was served or returned, and no judgments in fact were ever rendered by the justice, the entries of what purported to be the judgments having been made by a person other than the justice of the peace. Thereupon he directed plaintiff, who as constable held the executions, to return them. Upon the refusal of plaintiff to obey this order, defendant instituted proceedings against him for contempt. Notice was issued requiring the plaintiff to appear and purge himself of the alleged contempt, and a warrant was also issued for his arrest, upon which he was brought before the defendant. His reason for disobeying the order for the return of the executions being held insufficient the defendant rendered a judgment against him for a fine of $5. The plaintiff afterwards delivered the executions to the defendant, but failed to pay the fine. Thereupon a commit-

ment was issued ordering defendant's imprisonment until he should be legally discharged, upon which he was confined in the county jail for two days.

III.   We will proceed to state certain rules and principles of law applicable to the case before us.

A justice of the peace has cognizance of contempts and may punish a person adjudged guilty thereof by fine not exceeding $10.   Code, sections 3491, 3493.

But a justice cannot, as a punishment for a contempt, commit an offender to prison.   Code § 3493.   He may in a criminal case commit the defendant until the fine adjudged against him be paid.   But to authorize such commitment the judgment must so direct.   Code § 4689.

It may be conceded for the purpose of this case that the provision for the commitment of a defendant in a criminal case is applicable to a case of contempt.   Unless it is applicable there is no statute conferring authority upon the justice to commit the offender for nonpayment of a fine.

But this provision authorizes the commitment only upon a judgment that the defendant stand committed until the fine be satisfied.   Code § 4689.   Unless there be such a judgment the defendant cannot be imprisoned.

It cannot be claimed that an execution may be issued by the justice of the peace upon which the property of a citizen may be seized unless there be a judgment authorizing such seizure.   It would be no answer to the execution in such a case to urge that the justice has jurisdiction in a proper case to render a judgment upon which the execution could have issued.   The ready reply to the objection would be that while he had jurisdiction to render the judgment he did not in fact render it, and the execution is, therefore, void.

In the case before us the defendant rendered no judgment or order requiring the plaintiff to be committed until the fine was paid.   The commitment was process without a judgment, and was, therefore, void.

IV.   We need not inquire whether the defendant acted as

a judicial or as a ministerial officer in issuing the process. Surely it cannot be claimed that as a judicial officer he had jurisdiction to issue the commitment when there was no judgment upon which to base it; and it is equally plain that, if he acted ministerially, he had no authority to issue the warrant. We think it cannot be doubted that as the defendant issued the commitment in the absence of a judgment, thus acting without authority or jurisdiction, he is liable to plaintiff in this action. See 2 Hilliard on Torts, p. 185, and authorites there cited.

V. The defendants urge objections to the introduction in evidence of the judgments upon which the executions were issued and to all affidavits upon which defendant set aside and declared void the judgment. It is insisted that the evidence should have been excluded. We find it unnecessary to determine the question thus presented, for the reason that we do not consider this evidence in the view we take of the case. Our conclusions are based upon the absence of an order or judgment commiting the plaintiff until the fine should be paid. The entries upon defendant's docket showing his action in the contempt matter were admitted in evidence without objection. If we should conclude that the evidence objected to is incompetent we would be required to hold that its admission did not work prejudice to defendant, and, for this reason, we could not for the error disturb the judgment.

VI. Our conclusions above expressed are not in conflict with *Henke v. McCord*, heretofore decided by this court. See 55 Iowa, 378. In that case we held that a justice of the peace who attempts to enforce an ordinance of a city, which is void for want of authority of the city to enact it, is not liable as a trespasser. The distinctions between that case and this are obvious. In that case the justice of the peace pursued the forms and requirements of what purported to be law; in this case the defendant acted in violation of an express statute. In the first case he determined judicially that the ordinance was valid. But the de-

fendant in this case made no adjudication that the statute authorized him to commit the defendant in the absence of a judgment or order to that effect, an act which we have seen was in excess of his jurisdiction.

The foregoing discussion disposes of all questions in the case. It is our opinion that the judgment of the Circuit Court ought to be

AFFIRMED.

A motion of plaintiff to strike the evidence from the record and to dismiss the appeal need not be considered, in view of the disposition we have made of the case.