E. M. HEATH v. WILLIAM HALFHILL, G. W. ASH and B. D. NICHOLS, Appellants.

**Jurisdiction:** JUSTICE OF THE PEACE.   A justice of the peace does not acquire jurisdiction of a defendant, residing in another county, although the latter appears and files a counter claim.

**Constables:** *Liability.*   An officer is not liable for a levy under an execution regular on its face, issued on a judgment void only for want of jurisdiction of defendant, even where he had notice of the defect when making the levy, unless he acted with improper motives.

**Same:** *Justices.*   A justice is not liable for renewing in good faith an execution on a judgment void only for want of jurisdiction of defendant, even where he made the renewal with notice of the defect.

**Equity:** RELIEF BY INJUNCTION.   The fact that a void judgment has been satisfied by execution will not prevent the restraining of the enforcement of such judgment.

**Same.**   Where a judgment is restrained and the judgment defendant awarded damages, the court has no power, over the objection of the judgment creditor, to order money collected on the judgment by garnishment to be refunded to a garnishee who was not a party to the suit to restrain.

*Appeal from Clayton District Court.*—HON. A. N. HOBSON, Judge.

WEDNESDAY, OCTOBER 5, 1898.

ACTION to enjoin the enforcement of a judgment. From a decree in plaintiff's favor the defendants appeal.—*Modified.*

*S. T. Richards* for appellants.

*Newberry Bros.* and *J. E. Corlett* for appellee.

WATERMAN, J.—We may say in the beginning that the undisputed testimony shows that the plaintiff, Heath, was, at the time of the proceedings complained of, a resident of Delaware county. In July, 1896, the defendant Halfhill instituted an action against plaintiff for the recovery of money, before a justice of the peace in and for Clayton county. Defendant Ash is the justice before whom such action was brought, and the other defendant, Nichols, is the constable who executed certain process, of which more will be said later. The action proceeded to judgment. Execution was afterwards levied by garnishing one Ringer, and seizing a certain buggy belonging to plaintiff. The sum of forty-two dollars was collected under the Ringer garnishment, and the buggy, which the evidence shows was of the value of seventy-five dollars, was sold on execution. The relief asked in the case at bar is that the enforcement of said judgment be enjoined. The execution spoken of was levied after this action was begun, and the amounts collected thereon were sufficient to satisfy the judgment. The district court, on finding in plaintiff's favor, rendered a decree restraining, in terms, the collection of the judgment, and also allowed a recovery for the amount that had been collected on execution. The action before the justice was based upon an open account. It is clear that he had no jurisdiction. Code 1873, section 3507; *McMeans v. Cameron,* 51 Iowa, 691; *Boyer v. Moore,* 42 Iowa, 544. Appellants seem to think this case is not governed by the authorities cited, for the reason, as they insist, that the defendant in the action before the justice appeared and filed a counterclaim. In response to this it is enough for us to say that there is no

evidence that any counterclaim was filed; and in the first of the cases we have just cited it is held that the justice does not acquire jurisdiction of a nonresident defendant, even though the latter appears, and goes to trial without objection.

II.    Appellants insist that in no event can the justice and constable be held liable, under the testimony. The rule is that a justice of the peace is not liable for his judicial conduct, unless he acts corruptly. *Gowing v. Gowgill,* 12 Iowa, 495; *Londegan v. Hammer,* 30 Iowa, 508; *Henke v. McCord,* 55 Iowa, 378. There is no evidence of improper motive in this case. As to the constable, the law is that he is protected when acting under a writ, regular on its face. *Henke v. McCord, supra.* If the court has jurisdiction of the subject-matter (and it had in the case complained of), but has failed to get jurisdiction of the person, an execution regular on its face will protect the officer. *Savacool v. Boughton,* 5 Wend. 170; *Howard v. Clark,* 43 Mo. 344. Indeed, we think the point is ruled in favor of said officers by the case of *Thompson v. Jackson,* 93 Iowa, 376, which, in its facts, is almost identical with the case at bar.

An attempt, however, is made to distinguish the cases in two particulars. It is said, first, that the officers here had notice of plaintiff's claim of want of jurisdiction before they acted. We do not perceive that this affects the matter. If defendant had appeared in the justice court, and set up the want of jurisdiction, and the court in good faith had found against him, it could not well be claimed that the justice would be liable for his erroneous ruling. If the justice would be protected in such case in issuing the writ, certainly the constable would be in executing it. Again, it said that, while some of the acts of a justice of the peace are judicial, for an error in which he is not liable, others—such as the issuance of process—are purely ministerial, and for these he may be held when he acts illegally. This position may be granted. The facts here are that the justice renewed the execution against defendant after he had notice

that defendant claimed residence in another county. While the act of issuing process of some kind is ministerial, we are not prepared to say that the renewal of this execution, which was issued on a judgment rendered by the justice himself, comes within that term. We are certainly not going to hold that the justice is protected from all liability in deciding that Halfhill was entitled to an execution, but is liable because he issued the writ. This point, though not expressly raised in *Thompson v. Jackson,* was necessarily involved in that case, and our holding is in accord with what is there said. The money judgment must be reversed as to Ash and Nicols.

III. Halfhill's liability, we think, must be restricted to the value of the buggy alone, because of certain features of the decree. The trial court, instead of giving plaintiff judgment for the amount collected under the garnishment, ordered that sum returned to Ringer, the garnishee, and rendered judgment in plaintiff's favor for only the value of the buggy, seventy-five dollars. Ringer was not a party to this action, and no lawful order could be made giving him any right against the defendants. This provision of the decree is invalid. Plaintiff, not having appealed from the judgment, can have no more favorable finding in this court.

IV. Appellants urge the claim that the case is not of equitable cognizance, because the judgment was satisfied before the decree was rendered. This complaint is first made in this court. But, waiving this fact, we have to say that the satisfaction of the judgment was enforced. The cause, when commenced, was well founded, and presented an issue properly triable in equity. The trial court rightly retained it for such judgment as would protect plaintiff. The decree against Halfhill, modified as we have suggested, will be permitted to stand. The entry will therefore be, judgment in favor of Ash and Nicols for costs, and as further modified by what we have herein said, the decree to stand AFFIRMED.