RAYMOND McGREW, a minor, by his next friend, Mrs. FLORENCE McGREW, Appellant, v. D. A. HOLMES, Mayor, et al.

**Mayors:** CRIMINAL JURISDICTION: FALSE IMPRISONMENT: CIVIL LIA- BILITY. Mayors have jurisdiction to cause juvenile offenders to be brought before them to be dealt with on preliminary informa- tion; and even though they have no authority to punish a juvenile under seventeen years of age by fine or commitment, still having original jurisdiction of the subject matter for the purpose of preliminary inquiry, they are not liable in damages for false im- prisonment for merely exceeding this jurisdiction and imposing a fine or ordering a commitment.

**Same:** MALICE: EVIDENCE. In this action for false imprisonment the evidence is held insufficient to show malice on the part of the magistrate for committing plaintiff to jail instead of imposing a fine.

**False imprisonment:** SERVICE OF PROCESS: CIVIL LIABILITY. Where a magistrate has jurisdiction of a criminal inquiry but exceeds his authority, the officer serving a process regular on its face is not liable in a civil action for false imprisonment.

*Appeal from Monona District Court.*—Hon. F. R. GAYNOR, Judge.

TUESDAY, JANUARY 18, 1910.

SUIT to recover damages for false imprisonment. There was a directed verdict for the defendants. The plaintiff appeals.—*Affirmed.*

*C. R. Metcalf,* for appellant.

*Crary & Crary* and *J. A. Prichard,* for appellees.

SHERWIN, J.—This is a suit against the mayor and the marshal of the town of Ute and their bondsmen, to recover damages for false imprisonment. The plaintiff, who at the time was only twelve years old, was charged with petty larceny, and thereupon the defendant Holmes, who was mayor of Ute, issued a warrant for his arrest, and placed it in the hands of the defendant marshal, a constable of the town, for service. The plaintiff was arrested and taken before the mayor, who fined him and committed him to jail where he remained two or three days. The petition alleges that the arrest, trial, and judgment were without jurisdiction and void, and that the fine and imprisonment were maliciously inflicted. Section 254-a24, Code Supp. 1907, provides that no court or magistrate shall commit a child, not yet having reached his seventeenth birthday, to a jail or police station. It is further provided therein that any such child, taken before any justice of the peace or police court, charged with a misdemeanor, shall, together with the case, be at once transferred by said justice of the peace or police court to said district court and proper order shall be made therefor. The plaintiff was charged with a misdemeanor; and, he being at the time under seventeen years of age, the mayor, acting as a justice of the peace, had no authority to fine him or to commit him to jail. Section 691 of the Code gives mayors the jurisdiction of a justice of the peace in criminal matters, and section 5098 of the Code expressly provides that a mayor shall have power to hear complaints or preliminary informations, issue warrants, order arrests, etc. There is nothing in section 254-a24, or in the entire chapter relating to juvenile courts, so far as we have been able to examine and understand it, which deprives a justice of the peace or a mayor of the original jurisdiction conferred by the sections of the Code to which we have referred. On the contrary, it seems to recognize that such magistrates

*1. Mayors: criminal jurisdiction: false imprisonment: civil liability.*

have jurisdiction to cause juvenile offenders to be brought before them, and to deal with them in the manner therein provided. If it be true, then, that the mayor had jurisdiction of the subject-matter and of the defendant who was charged with a misdemeanor, his judgment imposing a fine and imprisonment was merely in excess of his jurisdiction, and such acts would not render him liable in a civil action for damages. In some jurisdictions liability of judges and magistrates for their judicial acts is denied, whether acting within their jurisdiction or not. But we need not now go to that length, because here we think the mayor had original jurisdiction of the subject-matter, and that he acted only in excess of such jurisdiction. That no liability exists in such cases is well settled by our own decisions and by the weight of authority in other jurisdictions. In this state there is no distinction between the liability of a judge of a court of general jurisdiction and the liability of a justice of the peace for their judicial acts. *Thompson v. Jackson et al.* 93 Iowa, 376; *Londegan v. Hammer,* 30 Iowa, 508; *Jones v. Brown,* 54 Iowa, 74; *Henke v. McCord,* 55 Iowa, 378; *Wasson v. Mitchell,* 18 Iowa, 153. And the cases cited and many others hold that a judicial officer is not liable in a civil action for his errors or mistakes.

The case at bar is directly within the rule stated in *Londegan v. Hammer, supra.* In that case the plaintiff was tried before a justice of the peace on a charge of willful trespass, and the court rendered a judgment not authorized by law. It was said that the justice had jurisdiction of the subject-matter and of the person, but exceeded his jurisdiction by rendering a judgment that he had no power to render. The justice was held not liable. *Green v. Talbot* was an action to recover damages for false imprisonment. The defendant was mayor of a town, and fined the plaintiff, and, in default of payment of the fine, committed him to jail. The ordinance under which he

acted did not authorize the commitment, but it was held that he was not liable under the holding in *Londegan v. Hammer.*

It seems to be the better opinion, also, that liability does not exist even where the judicial act is malicious or corrupt. But our own cases are not in entire harmony on that subject, and we do not find it necessary to determine the question here.

The evidence which it is claimed showed malice on the part of the mayor related to the payment of the fine that had been imposed. The boy's mother said that she did not want him to go to jail, and hence 2. SAME: malice: evidence. would pay the fine. The mayor thereupon told her that she might do so, and that he would then discharge the boy, but that, if the fine was not paid, the boy must go to jail. The mother never paid the fine, although she had sufficient money therefor, and might have paid it. The evidence is wholly insufficient to show malice on the part of the defendant. The mayor did no more than his supposed duty under the law, and placed no obstacle in the way of the mother. Similar acts have been repeated thousands of times by the inferior courts of this and every other state, and they furnish no ground for a charge of malice.

While the petition charges a conspiracy between the mayor and marshal, there is no evidence sustaining the charge, and in our opinion that is the only charge that is made against the marshal. He did nothing 3. FALSE IM-PRISONMENT: service of process: civil liability. that could possibly render him liable, unless serving the commitment did so. This was regular on its face, and legal process issued by a court of limited jurisdiction. The marshal had no notice that it was not a valid command, and under such circumstances it is generally held that no liability arises by reason of the service. 19 Cyc. 345, and cases cited in notes 15 and 16; *Chambers v. Oehler,* 107

Iowa, 155. It certainly must be true that, where no liability exists on the part of the judicial officer, there can be none on the part of the marshal who served the process. *Heath v. Halfhill*, 106 Iowa, 131. Where a magistrate has jurisdiction of the subject-matter, but exceeds it, an officer serving process, regular on its face, is not liable. *Clarke v. May*, 2 Gray (Mass.) 410 (61 Am. Dec. 470); *Henline v. Reese*, 54 Ohio St. 599 (44 N. E. 269, 56 Am. St. Rep. 736); *Watson v. Watson*, 9 Conn. 140 (23 Am. Dec. 324); *Sandford v. Nichols*, 13 Mass. 286 (7 Am. Dec. 151); *Churchill v. Churchill*, 12 Vt. 661; *State ex rel. Carroll v. Devitt*, 107 Mo. 573 (17 S. W. 900, 28 Am. St. Rep. 440); *Billings v. Russell*, 23 Pa. 189 (62 Am. Dec. 330); *Henke v. McCord, supra; Thompson v. Jackson, supra; Heath v. Halfhill, supra.*

The judgment below is right, and it is therefore *affirmed.*