JACOB BUSEMAN, Appellant, v. J. J. SCHULTZ.

**False imprisonment:** EVIDENCE. The defendant in an action for
1 false imprisonment need offer no evidence to warrant a directed verdict for him, where every element essential to show his jurisdiction to order imprisonment was proven by the plaintiff.

**Same:** BURDEN OF PROOF. One arrested upon a warrant issued upon
2 information filed has the burden of proving that the imprisonment was unlawful.

**Same:** EXCESSIVE EXERCISE OF JURISDICTION: LIABILITY. A justice of
3 the peace has jurisdiction of the offense of using blasphemous and obscene language; and when he has lawfully acquired jurisdiction of a defendant he is not deprived of jurisdiction, so as to render his acts illegal and subject him to liability for false imprisonment, by demanding payment of costs and upon payment discharging the defendant. Such a demand is nothing more than an excess of jurisdiction for which no liability exists.

**Same:** FALSE IMPRISONMENT: EVIDENCE. Where the plaintiff in an
4 action for false imprisonment has proved the jurisdiction of the court to entertain plaintiff's prosecution, the defendant is under

no obligation to further establish the same by producing his docket, showing the filing of an information and subsequent proceedings.

*Appeal from Grundy District Court.*—HON. F. C. PLATT, Judge.

THURSDAY, SEPTEMBER 21, 1911.

ACTION to recover damages for false imprisonment. There was a directed verdict, and a judgment thereon for the defendant. The plaintiff appeals.—*Affirmed.*

*J. H. Scales* and *A. J. Scales,* for appellant.

*W. T. Evans* and *E. A. Crary,* for appellee.

SHERWIN, C. J.—The plaintiff and other young men, with some young ladies, were holding a basket social in a rural schoolhouse. The defendant was one of the directors of the school district, and with other · directors of the district he went to the schoolhouse while the social was in progress. The young people were ordered out of the house, by a director other than the defendant, and when they were outside the young men indulged in profane and other improper language because of their expulsion. This occurred on Saturday evening. The following Monday the plaintiff and three or four other young men were arrested on a charge of using "obscene and blasphemous language, to the disturbance of the public peace and quiet." All of the accused were taken by a constable of the township before the defendant, who had issued the warrant. All of the accused, except the plaintiff, pleaded guilty to the charge, and were fined. The plaintiff pleaded not guilty, and after some talk with the defendant he agreed to pay and did pay costs amounting to $2.70, and was then dis-

charged.  He afterwards brought this action to recover for
false imprisonment.

I.  The plaintiff contends that a verdict should not
have been directed for the defendant, because the answer
admitted the imprisonment of the plaintiff, and the bur-
den of proof of its lawfulness was on the
defendant.  It is said, further, that the de-
fendant introduced no proof as to its law-
fulness, and the presumption is, therefore, that the impris-
onment was illegal.  It is also contended that there was
error in directing a verdict, because there was no evidence
that the defendant had jurisdiction to entertain any kind
of judicial proceedings against the plaintiff.  Other errors
contended for are that the release of the plaintiff was *prima
facie* evidence of want of probable cause, and cast the bur-
den of showing justification on the defendant, and that the
requirement of $2.70 costs from the plaintiff rendered all
previous lawful acts of the defendant unlawful.  Many
of the plaintiff's legal propositions may readily be assented
to, and yet it does not follow that the result claimed should
follow.  The defendant offered no evidence, nor was it
necessary for him to do so, if, as a matter of fact, every
element necessary to show his jurisdiction was proven by
the plaintiff, and this was sufficient.  *Stewart v. Feeley,*
118 Iowa, 524.

1. FALSE IM-
PRISONMENT:
evidence.

The plaintiff established by the evidence introduced
by him that the defendant was a justice of the peace of
the township, that an information against the plaintiff was
filed with him by the president of the school
board, and that he issued a warrant thereon,
under which the plaintiff was arrested and taken before
the defendant.  Where there is an information filed and a
warrant issued thereon upon which the accused is brought
before the justice, the burden rests upon the plaintiff to
prove that the imprisonment was unlawful.  *Snyder v.*

2. SAME: burden
of proof.

*Thompson,* 134 Iowa, 725; 12 Am. & Eng. Enc. (2nd Ed.), 724; 19 Cyc., 359-363.

Code, section 5034, provides that if any person use blasphemous or obscene language to the disturbance of the public peace and quiet he shall be punished by a fine not exceeding $100 or be imprisoned in the county jail not exceeding thirty days. A justice of the peace has jurisdiction of this offense under the statute, and it is therefore certain that the defendant herein had jurisdiction of both the subject matter and the person when the plaintiff was brought before him.

3. Same: excessive exercise of jurisdiction: liability.

The claim that he lost jurisdiction entirely and that all of his acts were illegal, because of the transaction relative to the costs, is not sound nor sustained by authority. There is, perhaps, some question as to whether the plaintiff voluntarily paid the item of $2.70 costs. He did not, and apparently would not, testify that the defendant demanded it of him. The fair inference is that they agreed that the proceeding should be dropped upon the payment of the amount, and that the payment was voluntary on the part of the plaintiff. But, however this may be, the demand could, in no event, be anything more than an excess of jurisdiction for which no liability exists. *McGrew v. Holmes,* 145 Iowa, 540; *Londegan v. Hammer,* 30 Iowa, 508; *Green v. Talbot,* 36 Iowa, 499; *Thompson v. Jackson,* 93 Iowa, 376.

The plaintiff also says that the defendant should have produced his docket entry, if he had one, showing that an information had been filed, a warrant issued, and the further proceedings. It may be taken as true that no docket entry was made while the plaintiff was before the justice, but that is not proof that none had been made before that time, nor is it proof that a complete entry was not thereafter made. We know of no requirement that the magistrate exhibit

4. Same: false imprisonment: evidence.

his docket to the accused, or that he produce it on a trial against him for damages where its production is unnecessary to his proper defense. Here the plaintiff proved the jurisdiction of the defendant, .and that was sufficient for the defendant's purpose. It is proper to say further that no malice was proved, nor any circumstances from which it could be rightfully inferred. On the contrary, the record shows that the defendant acted toward the plaintiff in the most kindly and considerate manner. There is no sound reason for a reversal of this judgment, and it is *affirmed*.