12   495
106  133

GOWING v. GOWGILL et al.

1. DUTIES OF JUSTICES. The duties of justices of the peace are both judicial and ministerial in their character.
2. CORRUPTION IN OFFICE. A justice of the peace is not liable on his

bond for error of judgment when acting in a judicial capacity; *aliter* as to acts committed through favor, fraud or partiality.

3. EFFECT OF APPEAL.   An appeal from a judgment of a justice of the peace waives the right to raise any questions in the District Court as to the erroneous rulings of the justice; but does not operate as a waiver of his right to recover damages for the corrupt acts of such justice in the trial of the cause.

*Appeal from Marshall District Court.*

THURSDAY, DECEMBER 19.

THE facts are stated in the opinion of the court.

*Henderson* and *Boardman* for the appellant.

1. The motion to strike was erroneously sustained.   5 Sand., 660; *Nicholls* v. *Jones*, 6 How., 355; 15 How., 261; 2 Code R., 47; 4 Pr., 69.   2. The demurrer was improperly sustained.

*Timothy Brown* for the appellee, contended that the items of account were properly stricken out, citing *Ingersoll* v. *Ingersoll*, 1 N. Y., Code R., 102; 2. That the justice had jurisdiction of the subject matter and the parties; the entire wrong consisting in his calling the case for trial too soon, and in refusing to set aside the default and judgment then rendered; for which judicial act the justice is not liable; or if he is liable an action of tresspass is the only remedy.   1 Chit. Pl., 181, and the cases there cited; *Hatfield* v. *Fowler*, 3 G. Greene, 588; 17 John., 146; 3 Cow., 206; 6 Wend., 597; 21 Barb., 207.   3. The plaintiff waived his right to object to the jurisdiction of the court by his appeal.   4. That an officer is not liable on his bond for an act *colore de officii.* *People* v. *Schuyler*, 5 Barb., 166.

BALDWIN. J.—This action is against Gowgill and the sureties upon his official bond as justice of the peace.   The breaches assigned are, that the defendant as a justice of the

peace did not faithfully and impartially, without fear, favor, fraud or oppression discharge the duties by law required of him as such officer. The plaintiff in his petition avers that he brought suit upon a certain note against one Hays, before the said defendant as justice; that a notice was duly, issued by said justice, made returnable upon a certain day at one o'clock, P. M; that the said defendant, through favor and with and intent to defraud the plaintiff, heard and determined said cause at 10 o'clock, A. M., of said day, in the absence and without the knowledge and consent of the plaintiff; and that when the proper hour of trial arrived, the said justice refused to set aside the judgment rendered at the improper hour.

The plaintiff claims special damages for loss of time, attorneys fees, witness fees, and the loss of the debt by the delay in obtaining a judgment against Hays in consequence of the acts of the said justice. The defendants demurred to the petition, and also filed a motion to strike the account for damages from the petition. Both the demurrer and motion were sustained, plaintiff appeals.

It is claimed by the counsel for defendants that Gowgill as justice is not liable upon his bond for an error committed by him as a court. The duties of a justice of the peace are both of a judicial and ministerial character—judicial where he is required to act as a court, to pass upon and determine causes as they are tried before him; ministerial, where he has to issue process, collect and pay over money, &c. His bond is conditioned that he will discharge every duty, both judicial and ministerial, faithfully, impartially, and without fear, favor, fraud or oppression. By the demurrer it is admitted that the defendant heard the cause in which the plaintiff was party, at an hour different from that fixed in the notice, and without the knowledge or consent of plaintiff; that it was done through favor and partiality to

the opposite party, but it is said that it was a judicial error and the remedy is by *certiorari*. We understand the rule to be, that where an officer acting in a judicial capacity errs in his judgment, he is not liable, but where he acts through favor, fraud or partiality, or knowingly commits a wrong by virtue of his office, he is liable. In the case of *The State on the relation of Conolly* v. *Flinn*, 3 Blackford 72, it being an action upon the bond of a justice of the peace, in which the justice was charged with illegal, oppressive conduct, the court say, "for a judicial act within the jurisdiction of a justice, though he should act erroneously or illegally, he is not liable, unless he acts from impure or corrupt motives. Where, however, he acts corruptly liability attaches."

The conditions of the bond are such as will make the surities liable for such conduct. The bondsmen expressly agree that their principal shall act without fear, favor, fraud or oppression; and where he does so act, it is in direct violation of the conditions of his bond. The petition in this case distinctly charges the defendant with favor, fraud and oppression. This charge is admitted by the demurrer. If a justice of the peace is permitted so to act, and such conduct is tolerated by law, it brings the judicial department into merited odium and contempt.

The motion to strike certain items of account from the petition was erroneously sustained. The plaintiff claims special damages. The items arrived at by the defendant's motion are, perhaps, not proper charges under the petition, but should not be stricken from the files for redundancy.

It is claimed, however, that the defendant, by his appeal from the judgment of the justice, waived his right to sue on the bond. We do not so understand the law. By his appeal he waived his right to raise any question in the District Court upon the erroneous rulings of the justice in that case, but this is the only right waived. In order to prosecute

properly his suit against the defendant it was the duty of plaintiff to prosecute the appeal and make what he could out of the defendant in the cause tried by the justice.

Reversed.