State of Maryland, use of Sarah Whitehill *vs.*
Andrew F. Carrick, William E. Collins and
Bennett Hollenstein.

*Justice of the Peace in the City of Baltimore—Official
bond—Liability—Ministerial Acts—Act of 1876, ch. 28—
Replevin— Writ of Retorno habendo—Act of 1888, ch. 235—
Appeal bond in Replevin cases—Stay of Execution—De-
murrer.*

A declaration on the official bond of a justice of the peace of the
City of Baltimore, conditioned as required by the Act of 1876,
chapter 28, alleged that the magistrate "wrongfully and wilfully
and defiantly refused and declined to issue" a writ of *retorno habendo*
for the return of property taken under a writ of replevin, in a
case in which judgment had been given in favor of the defendant
in replevin, "for the return of the goods, chattels, and effects re-
plevied" from the said defendant by the plaintiff in the replevin,
"and for one cent damages and costs," until a *mandamus* had
been issued by Baltimore City Court to compel him to do so.
Upon demurrer to the declaration, it was HELD :

1st.  That the issuing of the writ of *retorno habendo* by the magistrate
was an official act which it was his duty to perform, and which in
its nature was purely ministerial, involving no exercise of judg-
ment or discretion.

2nd.  That for his refusal or neglect to perform this duty his official
bond must be held responsible.

3rd.  That the condition of the bond required by the Act of 1876,
chapter 28, that the magistrate "will truly and faithfully discharge,
execute, and perform all and singular the duties and obligations of
the office of justice of the peace," was broad enough to embrace
the neglect or refusal to perform any ministerial act, the per-
formance of which was devolved upon him by law.

4th.  That the Act of 1888, chapter 235, which adds a new condition
to replevin bonds in magistrates' cases, to the effect that the plain-
tiff will not only abide by and perform the judgment of the justice,

but also "of the Circuit Court of the county, or Baltimore City Court, as the case may be," does not dispense with the necessity of giving an appeal bond in order to stay execution in such cases.

5th. That there was enough in the declaration, however loosely stated, to make out a *prima facie* case, so as to enable it to stand against a general demurrer.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued for the appellant, and submitted for the appellees, before ALVEY, C. J., MILLER, BRYAN, and McSHERRY, J.

*William Colton,* for the appellant.

*Frederick C. Cook,* for the appellees.

MILLER, J., delivered the opinion of the Court.

The suit in this case is upon the official bond of a justice of the peace executed under the Act of 1876, ch. 28. The defendants, who are the magistrate and his sureties in the bond, demurred to the declaration. The Court below sustained the demurrer, and gave judgment for the defendants, and hence this appeal.

The Act referred to requires each justice of the peace of the City of Baltimore, to give a bond to the State with surety or sureties, in the penalty of $5000, " with conditions that he will truly and faithfully discharge, execute, and perform all and singular the duties and obligations of the office of justice of the peace; and that he will account for and pay over" to the officials and parties entitled to receive the same, all fines, penalties, and forfeitures, and all money which may come to his hands as such justice of the peace.

The breach relied on, as we gather from the declaration, is substantially as follows: One Aaron Cohen brought an action of replevin before Carrick, the magistrate, against Sarah Whitehill, who was a sempstress, for the recovery of certain chattels, among which was a sewing machine. The property was taken under the writ of replevin and delivered to Cohen. Upon the trial of the case by the magistrate he gave judgment in favor of the defendant, Sarah, "for the return of the goods, chattels, and effects replevied from her by the said Cohen, and for one cent damages and costs." As soon as this judgment was rendered, the defendant, Sarah, applied to the magistrate to issue the writ of *retorno habendo* for the return of her property, her purpose being to regain at once possession of her sewing machine, upon the use of which her livelihood depended; but the magistrate, as the declaration alleges, "wrongfnlly and wilfully and defiantly refused and declined to issue said writ" until a *mandamus* had been issued by Baltimore City Court to compel him to do so. Such is the complaint, and the question is, does the neglect or refusal to issue this writ amount to a breach of the obligation imposed upon the magistrate by this Act of Assembly and his bond.

The declaration does not charge that he acted maliciously, fraudulently, and corruptly, and if we could bring our minds to the conclusion that the issuing of this writ involved in any degree the exercise of judgment or discretion, we should hold the action would not lie, for it is well settled that neither a justice of the peace nor any other judicial officer can be held liable, either civilly or criminally, for error of judgment, or mistake honestly made in regard to the performance of any judicial act or duty. *Knell vs. Briscoe,* 49 *Md.*, 414. But here the defendant was entitled to have the judgment in her favor executed at once, un-

State, use of Whitehill *vs.* Carrick, *et al.*

less the plaintiff had taken an appeal, and given an appropriate appeal bond.

The proper writ of execution upon such a judgment in an action of replevin is a *retorno habendo*, directed to the sheriff, commanding him to cause the property taken under the writ of replevin to be delivered back to the defendant, and the sheriff must execute it by force, if necessary. It is true, this process is not often resorted to in practice, as the usual remedy is upon the replevin bond, but it is a writ of final execution on a judgment like this, and is used whenever the defendant desires to regain possession of the specific property. 2 *Poe's Pl. & Pr.*, sec. 624; 2 *Harr. Ent.*, 725.

The defendant, in accordance with the local law on the subject (2 *Code of* 1860, *Art.* 4, *sec.* 622) made demand *in person* upon the magistrate to issue this writ. It was a writ of execution which *the law awarded* to her on her judgment as of right, and we are constrained to hold that the issuing of it by the magistrate was an official act which it was his duty to perform, and which in its nature was purely ministerial, involving no exercise of judgment or discretion. The question has not hitherto arisen in this Court in regard to executions to be issued by justices of the peace, and in the Courts of general jurisdiction such process is always issued by the clerks, whose official bonds are unquestionably responsible for neglect or refusal to act in such cases. But in other States, wherever a case has arisen in regard to magistrates, the authorities are uniform to the effect that to issue an execution is to perform a ministerial act. *Noxon vs. Hill*, 2 *Allen*, 215 ; *Place vs. Taylor, et al.*, 22 *Ohio*, 317 ; *Fairchild, et al. vs. Keith*, 22 *Ohio*, 156 ; *Gowing vs. Gowgil, et al.*, 12 *Iowa*, 495. To the same effect also are the text books. *Cooley on Torts*, 378 ; *Murfree on Official Bonds*, sec. 314.

Under our system of laws the duties of a magistrate are partly judicial and partly executive or ministerial. In civil suits brought before him he acts judicially in hearing and determining the case, and in some other respects his duties involve the exercise of judgment or discretion, such as approving the sureties on an appeal bond ; and for mistake or error of judgment in such cases the law will not permit his acts to be questioned in a civil action. But he must also perform all manual or clerical duties, the performance of which is expressly required by statute, such as docketing the cause, making proper entries therein, and issuing executions on his judgments when required to do so. These are official, but not judicial, acts, and for the refusal or neglect to perform them, his official bond, if he has given one, such as is required by the Act of 1876, ch. 28, must, in our opinion, be held responsible. The condition of the bond required by this Act, that the magistrate "will truly and faithfully discharge, *execute, and perform* all and singular the duties and obligations of the office of justice of the peace," seems to us quite broad enough to embrace the neglect or refusal to perform any merely ministerial act, the performance of which is devolved upon him by law. We are also of opinion that it was the purpose and intent of the Legislature in passing this Act of 1876, as manifested by the Act itself, to protect suitors and others having business before the magistrates of Baltimore City from loss occasioned by the non-performance by such officials of these merely ministerial duties, whether such non-performance be the result of their ignorance, incompetency, or careless or wilful neglect, or refusal to perform them. The Act may also cover other like cases of neglect or carelessness, but it is sufficient here to say that the neglect or refusal complained of in this case is clearly within the condition of the magistrate's bond.

State, use of Whitehill *vs.* Carrick, *et al.*

We have been referred to the Act of 1888, ch. 235, which adds a new condition to replevin bonds in magistrates' cases, to the effect that the plaintiff will not only abide by and perform the judgment of the justice, but also "of the Circuit Court of the county or Baltimore City Court, as the case may be;" and it is insisted that the giving of such a bond obviates the necessity of giving an appeal bond in such cases. But we do not agree that such is the effect of this statute. Jurisdiction of magistrates in replevin was conferred before the adoption of the Code of 1860, and is embodied in that Code. *Art.* 51, *sec.* 15. In the same Code there is a general provision that execution of judgments of magistrates shall not be stayed unless appeal bonds be given. *Art.* 5, *sec.* 56. It is true that the form of the bond required by this section points primarily to money judgments, but appeal bonds in replevin cases were perfectly well known, and were constantly used before the Act of 1888, and under the Code of 1860, and we take it to be perfectly clear that execution of such a judgment can only be stayed by giving an appeal bond. The mere fact that an additional condition is put in the replevin bond does not, in our opinion, dispense with the necessity of giving an appeal bond in order to stay execution in such cases.

This declaration was evidently not framed by an experienced lawyer, but in the amended form in which it is presented to us we think there is enough in it, however loosely stated, to make out a *prima facie* case, so as to enable it to stand against a general demurrer. It is to be noticed that the suit is upon the bond, and not upon the judgment of the magistrate, in which latter case more particularity in setting out the judgment and showing that the magistrate had jurisdiction to render it would be required. If in fact there was an appeal bond given when the demand to issue the writ

of execution was made, or if the defendants can show any other defensive matter exonerating the magistrate, they can, of course, do so by proper pleas. All that we now decide is that the declaration makes out a *prima facie* case of liability under this bond.

*Judgment reversed, and*
*new trial awarded.* .

(Decided 9th May, 1889.)