Harrison, Olds & Marsh, and Booth & Keating, for plaintiff.

J. T. Holmes, Nash & Lentz, and Frank Davis, contra.

---

246                                    **FALSE IMPRISONMENT.**

[Darke Circuit Court, November Term, 1890.]

Shauck, Shearer and Stewart, JJ.

R. S. WHEELER ET AL. v. THOMAS GAVIN.

ACTS UNDER AN ORDINANCE SUBSEQUENTLY DECLARED INVALID DO NOT MAKE OFFICERS LIABLE FOR.

Where an affidavit is filed with a mayor of a municipal corporation charging a person with the violation of an ordinance then in full force, and the person so charged is arrested upon a warrant issued thereon by the mayor, the parties so filing such affidavit and the mayor issuing the warrant are not liable to an action for false imprisonment by the person so arrested, although such ordinance is subsequently declared invalid.

ERROR to the Court of Common Pleas of Darke county.

This was an action brought by the defendant in error, against the plaintiffs in error, to recover damages for a false imprisonment under an invalid ordinance.

· R. S. Wheeler, one of the plaintiffs in error, answered, alleging , in substance, that at the time of the alleged false imprisonment he was mayor of the village of Arcanum; that he issued a warrant for the arrest of Gavin by virtue of an affidavit filed before him, charging a violation of an ordinance of the village, that a trial was had before him, and Gavin was found guilty and fined. He denies that Gavin was ever imprisoned by any order of his, or under the warrant, and avers that he acted in good faith.

The other plaintiffs in error answer averring that they filed an affidavit with the mayor, charging Gavin with violating an ordinance of the village of Arcanum, upon which a warrant was issued, and under which Gavin was tried, found guilty and fined, and afterwards paid the fine and costs. And they aver that they acted in good faith, believing the ordinance to be valid, and that Gavin made no objection to the validity of the ordinance or the proceedings.

A trial was had, resulting in a verdict for the plaintiff, and a motion for a new trial having been overruled, a bill of exceptions, embodying all of the evidence and the charge of the court, was duly allowed, and we are asked to reverse the judgment, because it is contrary to law, and because the court erred in its charge to the jury.

STEWART, J.

The bill of exceptions shows that R. S. Wheeler, one of the plaintiffs in error, was on August 22, 1889, mayor of the village of Arcanum. That in December, 1888, the village council of Arcanum duly passed an ordinance, entitled: "An ordinance to prohibit the sale of intoxicating liquors in the village of Arcanum, Darke county, Ohio;" that while this ordinance was in full force, to-wit: August 22, 1889, the plaintiffs in error, other than Wheeler, filed an affidavit in due form, before Wheeler, as mayor, charging Gavin with violating its provisions; and that thereupon the mayor issued a warrant to the marshal for the arrest of Gavin; that the marshal did arrest him, and a trial was had on August 23, 1889, before the mayor, and Gavin was found guilty, and adjudged and ordered to pay a fine of $75.00 and costs, and to stand committed until the fine and costs were paid; but he was not confined by reason of this judgment. That on September 23, 1889, Gavin paid the fine and costs; that afterwards the mayor being satisfied that said fine was larger than by law it ought to be, refunded to Gavin $25.00; that all the proceedings before the mayor were strictly in conformity to law, and Gavin made no objection to the affidavit, or to any of the proceedings; that the plaintiffs in error acted in good faith in the prosecution of Gavin; that this judgment has never been taken on error to any other court, and has never been reversed or modified, or any steps taken for that purpose; that after the judgment had been rendered and paid, another person, who had been convicted under the same ordinance, took his case, on error, to the common pleas court, where in October, 1889, the ordinance was declared invalid and of no effect, which judgment of the common pleas court was affirmed by the circuit court in November, 1889; and that Gavin demanded from the village of Arcanum repayment of the sum paid by him in pursuance of the foregoing judgment, which was refused.

The matter complained of in the charge of the court is the following:

"As far as the ordinance is concerned upon which the affidavit was made, that ordinance has been declared by the courts to be invalid and of no effect, and that is a matter with which you have nothing to do; it was simply as though no ordinance existed, or none ever was passed so far as the right of action of plaintiff is concerned. It may have some bearing upon the question of damages in ascertaining the good faith of the defendants."

Then after reading to the jury the syllabus in Truesdell v. Combs, 33 O. S., 186, the judge proceeds:

"In this case, the ordinance being void, there was no law, no ordinance authorizing the filing of this affidavit; there was no authority to give the mayor jurisdiction to issue the warrant upon the same; and there was no authority for the other defendants in filing an affidavit, which charged no crime or offence under the state laws or the ordinances of the village."

And further:

"So then the question as to whether there was any authority in the village to pass such an ordinance is not before you, it being admitted that it was under this ordinance that these proceedings were had; this ordinance that was declared null and void, and there was no authority for the mayor to issue this warrant."

And further:

"The parties must take notice of what the law is; and if there was none, or if the ordinance was void, it is the same as no ordinance, and they must act at their peril."

And further:

"The mere fact that defendants were mistaken in judgment and that the ordinance was null and void, although they acted in good faith in acting upon it, would be good against any penal or punitive damages, but would not be against any actual damages the defendant has sustained."

The law which should govern in the decision of this case is found very clearly stated in Truesdell v. Combs, 33 O. S, 186, the syllabus of which reads as follows:

"1.   Justices of the peace, while acting within the scope of their authority, are not answerable in a private action for the erroneous exercise of the judicial functions, with which they are invested by law.

"2.   But such justices and other inferior tribunals, which are invested only with special jurisdiction, and clothed with limited authority, must, at their peril, keep within their prescribed jurisdiction, and if they transcend the limits of their authority, they are answerable to any one whose rights are thereby invaded."

In Truesdell v. Combs, *supra*, the justice of the peace issued a warrant of arrest in a case where the facts if admitted would not have been sufficient to convict the defendant of a crime, and hence the court say it was issued without authority of law.

The court in the case at bar erred in its application of the principles of law laid down in Truedell v. Combs, *supra*, to the facts of this case. By the provisions of sec. 1746, Rev. Stat., it is made the special duty of the mayor "to see that all ordinances, by-laws and resolutions of the council are faithfully obeyed and enforced." Thus the law gives to the mayor not only the power to enforce ordinances, but makes it his duty to do so. It is not his duty, nor his privilege to declare that an ordinance is invalid, and that he will not enforce it until the question is presented to him in a proper manner. The mayor awards and issues all writs and processes that may be necessary to enforce the administration of justice throughout the corporation, and for the lawful exercise of his jurisdiction, according to the usages and principles of law. Section 1837, Rev. Stat. That is, when an affidavit in the proper form is filed with him, and he has reasonable grounds to believe the offense has been committed. Section 7133, Rev. Stat. These are the duties of the mayor, and it is as well the privilege and duty of any citizen of a village who has reason to believe that the ordinances of a village are being violated, to make an affidavit of the facts showing such violation, and put in operation the machinery of the law. "In trespass for false imprisonment, the gravamen is the unlawful act of the defendant. * * * An action for false imprisonment cannot be maintained where the wrong complained of is imprisonment in accordance with the judgment or order of a court, unless it appear that such judgment or order is void. And this distinction is as important now as under the former practice." Okey, C. J., Diehl v. Friester, 37 O. S., 473, 475; Spice v. Steinruck, 14 O. S., 213.

In Truesdell v. Combs, *supra*, Scott, J., says, p. 193: "Justices of the peace, while acting within the scope of their authority, as well as the judges of the

higher courts, are not answerable in a private action for the erroneous exercise of the judicial functions with which they are invested by law. Such protection is essential to the honest and independent administration of justice.'' Citing Pratt v. Gardner, 2 Cush., 68; Yates v. Lansing, 5 Johns., 282, and 9 Johns., 395. To the same effect are 7 Am. & Eng. Ency. of Law, pp. 668, 670, 679 and 680; Cooley on Torts, top pp. 477, 486, 487 and 488, and Bishop on Non-Contract Law, sec. 781; Brooks v. Mangam, 49 N. W. R., (Mich.) 633; Henke v. McCord, 55 Ia., 378.

The case of Marks v. Townsend, 97 N. Y., 590, is instructive as to what is meant by acting within the jurisdiction of a court, having in mind the facts in the case at bar. It is said in that case:

"The facts stated in the affidavit upon which the warrant was issued, were sufficient to give the judge who issued it, jurisdiction; and in issuing it he acted judicially, and made a judicial determination. It was subsequently set aside by the same judge—when it was made to appear that the plaintiff had before been arrested by the defendants for the same cause, and upon substantially the same grounds. This fact furnished the judge a reason for dismissing the warrant, but did not make it void or irregular. It was, at most. a case where the plaintiff was erroneously arrested. A warrant granted under such circumstances protects against an action for false imprisonment, not only the judge who granted it, but the party who procured it and instigated its service. In all such cases, that which was legally done at the time cannot be converted into a wrong by relation, after the process has, by judicial action, been set aside."

"One of the leading features of every wise system of laws is to secure a fearless and impartial administration of justice, and at the same time to guard individuals against a wanton and oppressive abuse of legal authority. To attain this end the common law gives to all inferior tribunals and magistrates complete protection in the discharge of their official functions so long as they act within the scope of their jurisdiction, however false and erroneous may be the conclusions and judgments at which they arrive. On the other hand, if they act without any jurisdiction over the subject-matter; or if having cognizance of a cause, they are guilty of an excess of jurisdiction, they are liable in damages to the party injured by such unauthorized acts. In all cases, therefore, where the cause of action against a judicial officer exercising only a special and limited authority is founded on his acts done colore officii, the single inquiry is, whether he has acted without any jurisdiction over the subject-matter, or has been guilty of an excess of jurisdiction. By this simple test his legal liability will, at once, be determined." Piper v. Pearson, 2 Gray, 122; 99 Pa. St. 63.

Applying the foregoing principles of law to this case, was the action of the mayor without or in excess of his jurisdiction?

An affidavit in proper form was filed before him, charging Gavin with the violation of an ordinance of the village. That ordinance had been properly passed, and at the time of the acts complained of had not been declared invalid. The jurisdiction of the mayor to cause his arrest for a violation of an ordinance is not questioned, and his duty to do so, as long as that ordinance was unrepealed, or had not been declared invalid, cannot be doubted. In the taking of the affidavit and issuing the warrant he was in the exercise of jurisdiction conferred by law, and in strict accordance with it, and in proceeding to hear the case and adjudging Gavin guilty he only acted erroneously. Jurisdiction is the power to hear and determine a controversy. McIlvaine, J., Handy v. Ins. Co., 37 O. S., 370. If his subsequent judgment in the case was at most only erroneous, we do not see how anything more can be claimed for the first step in the prosecution. The issuing of the warrant was in effect deciding that the ordinance was valid. This was subsequently determined to be an error, but for such error neither the mayor nor those who filed the affidavit can be held liable in an action for false imprisonment. Stewart v. Woodruff, 63 Ala., 206.

But the charge of the court was in effect saying to the jury that whenever a magistrate issues a warrant, or a person files an affidavit for an arrest, they must not only be sure that there is a statute or ordinance warranting such proceedings, but they must be certain of its constitutionality and validity. In so charging the jury the court below erred, and for that error the judgment will be reversed.

Allread & Bickel, for plaintiffs.